IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ENRIQUE COURTNEY HUBER, § | | |
| *Plaintiff.* § | | |
| § | | |
| vs. § | | CAUSE NO.: 3:21-CV-89 |
| § | | JURY DEMANDED |
| GALVESTON COUNTY, HENRY § | | |
| TROCHESSET, OFFICER TRAN, § | | |
| BOON-CHAPMAN BENEFIT § | | |
| ADMINISTRATORS, INC., § | | |
| SOLUTA, INC., CORRECTIONS § | | |
| CORPORATIONS OF AMERICA, § | | |
| CORECIVIC, INC., CORECIVIC, § | | |
| AND NURSE PITTMAN, § | | |
| *Defendants.* § | | |

## PLAINTIFF'S RESPONSE TO THE COURT'S ORDER

**TO THE HONORABLE JUDGE ANDREW EDISON:**

Plaintiff submits this response to the court's order that the Plaintiff should explain in writing why summary judgment should not be awarded to Galveston County on the negligence claim for Huber's failure to timely provide notice under TEX. CIV. PRAC. & REM. CODE § 101.101(a). Plaintiff would show the court the following:

## Background

This is not an instance that Mr. Huber fell because a sidewalk was in disrepair where no government actor would know, Huber was struck by a government agent for Galveston County with a blunt object. Galveston had actual notice.

## Issue

The issue is whether the government entity, Galveston County, had Subjective Awareness that it might be responsible for Mr. Huber's injuries.

## Response

Galveston County was on notice of Mr. Hubner's injury. There is an actual notice exception to the required written notice. The Texas Tort Claims Act's written notice requirements do not apply if a governmental unit has actual notice, Tex. Civ. Prac. & Rem. Code Ann. § 101.101(c). *Doe v. City of Dallas*, 2019 Tex. App. LEXIS 5196.

The Court of Appeals of Texas erred by dismissing a wrongful death case for want of jurisdiction, because evidence established that the city had actual notice under Tex. Civ. Prac. & Rem. Code Ann. § 101.101 might be responsible for the deaths of two motorists whose vehicle struck an unbarricaded dirt mound blocking an unlit country road; [2]-The Supreme Court of Texas held that the Tort Claims Act's notice requirement in Tex. Civ. Prac. & Rem. Code Ann. § 101.101 is a jurisdictional prerequisite, not a shield against liability. Actual notice means the governmental unit is subjectively aware that it may be responsible for death, injury, or property damage in the manner ultimately alleged by the claimant; this is a fact-based inquiry that may be determined as a matter of law when the facts are undisputed. *Worsdale v. City of Killeen*, 578 S.W.3d 57 (2019).

Where an arrestee personally talked with a sergeant at the Department of Public Safety (DPS), and told him: (1) about his injury, (2) about the DPS officers' alleged fault in producing or contributing to the injury, and (3) the identities of the parties involved, but the arrestee never filed a written notice of his claims; the appellate court found that the arrestee gave actual notice of his claims that was sufficient to comply with § 101.101 of the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code 101.002 et seq. *Tex. Dep't of Pub. Safety v. Rivera,*

No. 13-01-293-CV, No. 13-01-00293-CV, 2002 Tex. App. LEXIS 2911 (Tex. App. Corpus Christi Apr. 25, 2002).

The Texas Tort Claims Act provides a limited waiver of governmental immunity but, as part of the Act's waiver bargain, requires prompt notice of a claim. Prompt notice allows governmental units to expeditiously undertake remedial measures that may be required to protect the public. Prompt notice also advances fundamental immunity underpinnings by allowing governmental units an opportunity to defend against tort claims and allocate resources to resolve potentially meritorious claims. So, as a jurisdictional prerequisite to suit,2 section 101.101 of the Act requires formal "notice of a claim" that provides a reasonable description of the claim within [**2] six months of the occurrence, unless the governmental unit has "actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged." This wrongful death case focuses on the actual-notice exception. *Worsdale v. City of Killeen,* 578 S.W.3d 57, 59. Also see.*Worsdale v. City of Killeen,* 578 S.W.3d 57, 65-66 [1].

---

[1] City of San Antonio v. Tenorio [**15] , which also involved a traffic accident, is in a similar vein. There, a robbery suspect attempting to avoid capture drove the wrong way on a public highway, causing a collision that resulted in grievous bodily injury and death. A police report indicated the sole contributing factor of the collision was "Fleeing or Evading Police." The police officers and the witnesses all testified the pursuit stopped as soon as the suspect started driving against traffic. The Court held that "[e]vidence that a vehicle being pursued by the police is involved in a collision is not, by itself, sufficient to raise a fact question about whether the City…had subjective awareness that it was in some manner at fault in connection with the collision." Specifically, the Court reasoned that the governmental defendant's subjective awareness of "[its] role in producing or contributing" to the accident was not equivalent to its subjective awareness of "some fault on its part" as required by Simons. We have plainly stated, however, that a governmental unit need only achieve subjective awareness of fault "as ultimately alleged by the claimant." In other words, there must be subjective awareness connecting alleged governmental conduct to causation of an alleged injury to person or property in the manner ultimately asserted. The standard is necessarily subjective, because lack of formal notice is excused only by actual, not constructive, notice. Yet at the same time, subjective awareness of alleged fault requires neither adjudication of liability nor confession of fault. Take, for example, the facts in University of Texas Southwestern Medical Center at Dallas v. Estate of Arancibia. In that case, a patient died after her bowel was perforated during a laparoscopic hernia surgery. The day after the patient's death, the surgeon who was present during the surgery notified his supervisor of the outcome and contacted risk management. The supervisor, after speaking with the chair of the surgery department and reviewing [*66] the treatment, concluded "a technical [**16] error occurred" during the surgical operation and "[c]linical management contributed to" the patient's death.55 We held that the evidence was sufficient to establish the hospital had actual notice. Notably, in response to the dissent, which would have concluded the hospital could not have had notice because its internal investigation found no negligence, the Court emphasized: "Fault, as it pertains to actual notice, is not synonymous with liability; rather, it implies responsibility for the injury claimed.

## Conclusion and Prayer

Given that Officer Tran, serving as a representative of Galveston County and having engaged in the actions in question, is required by the policies of the Galveston jail to file a use of force report, it is evident that Galveston County was duly informed of the incident and had actual notice. Plaintiff prays this court finds the notice provided by Galveston County Sheriff Deputy Toan-Khoa Huu Tran in his use of force report, and the fact that the injury occurred in the government building while plaintiff was in its sufficient to put Galveston County on notice of Plaintiff's claims.

Respectfully submitted,

By: /s/ U.A. Lewis
U.A. Lewis
Texas State Bar No. 24076511
Federal Bar Number 1645666
The Lewis Law Group
P.O. Box 27353
Houston, TX 77227
T: (713) 570-6555
F: (713) 581-1017
myattorneyatlaw@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to all parties by ECF electronic filing service on April 26, 2024.

/s/ U.A. Lewis
U.A. Lewis